No. 509

REMIX v. CLEVELAND TRUST CO. Exr.

No. 19773.   Supreme Court

On motion to certify.   Dock. Apr. 14, 1926.

225.   CHARGE TO JURY—In an action for damages for personal injury arising from an automobile collision, where there is some evidence concerning the odor of liquor on the driver's breath, is the court justified in instructing the jury to make such inferences from this fact as it may deem warranted?

Elizabeth Remix brought this action originally in the Summit Common Pleas against the Cleveland Trust Company, as Executor of the Estate of Louis E. Sisler, deceased, for personal injuries received in an automobile collision.

It appears that Remix was riding in an automobile as a guest of one Savage, who was driving, toward Akron on the Arlington-East

## OHIO SUPREME COURT—Continued

Liberty road which is 14 feet wide. Louis Sisler and his family approached in his car from the rear and in going around the car in which Remix was riding cut into the right before clearing said automobile, thereby causing it to swerve to the right into a ditch, resulting in the injuries of which Remix complained.

The defendant, over the objection of the plaintiff was permitted to offer testimony to the effect that intoxicating liquor was smelled on the breath of the driver of the car in which the plaintiff was riding, although it was not claimed that he was intoxicated. The court charged the jury in part as follows:

"Some evidence has been introduced touching the conduct of the owner and driver of the car in which the plaintiff was riding, and the odor of intoxicating liquor on the breath of the driver of the car in which the plaintiff was riding. It is alleged in the second defense of the answer that the plaintiff at the time and place in her petition alleged, and without any protest or objection on her part, was riding in an automobile operated by a person who had been drinking intoxicating liquors.

This evidence may be considered by the Jury not only in respect to the contributory negligence on the part of the plaintiff, but also as affecting the right of the plaintiff, to recover, as well as reflecting upon the credibility of the witness. The Jury may make such inferences concerning the testimony on the subject of and relative to the use of intoxicating liquors and from the nature and character of the accident as it may deem and consider to be warranted therefrom."

Remix, in the Supreme Court, contends that this instruction was highly prejudicial and erroneous in that its effect was to allow the Jury to draw any inference or arrive at any conclusion it saw fit and the Jury under this instruction would be justified in returning a verdict for the defendant simply because someone smelled liquor on the breath of the driver, even though the defendant was negligent and Remix free from negligence.

Attorneys—C. S. Roetzel for Remix; Mussur, Kinder & Huffman for Exec.; all of Akron.